IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEREMY FOSTER,

                            Plaintiff,                     Case No. 25-4047-DDC-RES

v.

BRIAN HENDERSON and TY
WHEELER,

                            Defendants.

**MEMORANDUM AND ORDER**

      The court recently entered an Order dismissing many of the defendants in this case. Doc. 174. The court also explained its concerns that plaintiff's remaining claims—ones asserted against defendants Brian Henderson and Ty Wheeler—were subject to dismissal under Rule 8's pleading standards and Rule 4(m)'s service requirements. *Id.* at 28–29. To give pro se plaintiff Jeremy Foster a chance to dispel these concerns, the court ordered him to show cause in writing why the court shouldn't dismiss his remaining claims under these rules. *Id.* at 29, 31. The court gave him 14 days to do so. *Id.* More than 14 days have passed, and plaintiff has failed to respond to the court's Order.

      The court now dismisses plaintiff's remaining claims without prejudice under Rule 41(b). "A district court may dismiss an action sua sponte 'if the plaintiff fails to prosecute or to comply with these procedural rules or a court order.'" *Davis v. Miller*, 571 F.3d 1058, 1060 (10th Cir. 2009) (quotation cleaned up) (quoting Fed. R. Civ. P. 41(b)). "When dismissing a case without prejudice, 'a district court may, without abusing its discretion, enter such an order without

attention to any particular procedures.'" *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007)).  Three separate bases support this Rule 41(b) dismissal:  Rule 8, Rule 4(m), and plaintiff's failure to show case.

**Rule 8.**  As the court explained in its last Order, plaintiff's allegations against Mr. Henderson and Mr. Wheeler fall far short of the Rule 8 standard.  Doc. 174 at 28–29.  The Second Amended Complaint never alleges when or how these defendants violated plaintiff's rights, how plaintiff sustained injury, or why plaintiff "is entitled to relief."  Fed. R. Civ. P. 8(a)(2); Doc. 174 at 28–29.  This failure to comply with Rule 8 justifies dismissal.  *See Nasious*, 492 F.3d at 1161 ("[A] failure to satisfy Rule 8 can supply a basis for dismissal:  Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure.").

**Rule 4(m).**  The court's previous Order also concluded that plaintiff hadn't served Mr. Henderson or Mr. Wheeler properly.  Doc. 174 at 7–9.  More than 90 days have passed since plaintiff filed the Second Amended Complaint.  And the court now has given plaintiff notice that this service failure could furnish a basis for dismissal.  *See* Doc. 174 at 28.  Rule 4(m) thus authorizes the court to dismiss the claims against the remaining defendants for failing to serve them.  Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

**Show-Cause Order.**  Finally, plaintiff failed to respond to the court's show-cause order, and the time to do so now has passed.  Rule 41(b) allows the court to dismiss a case for failure to comply with a court order.  *Davis*, 571 F.3d at 1060.  Under this authority, the court can dismiss

a case when a plaintiff fails to respond to a show-cause order. *E.g.*, *Dorn v. Avery*, No. 20-cv-01883-RM-KLM, 2022 WL 1302004, at *2 (D. Colo. Apr. 4, 2022); *Folse v. Wilson*, No. CIV 17-0387 JB/SMV, 2017 WL 6734181, at *4 (D.N.M. Dec. 31, 2017). Plaintiff's failure to comply with the court's order to show cause thus offers a third basis for dismissal.

To summarize, plaintiff has failed to comply with Rule 8, Rule 4(m), and the court's show-cause order. Each of these failures permits the court to dismiss his remaining claims under Rule 41(b). The court now dismisses plaintiff's remaining claims against Mr. Henderson and Mr. Wheeler without prejudice. The court directs the Clerk to enter Judgment to this effect and close this case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's remaining claims are dismissed without prejudice. The court directs the Clerk of the Court to enter Judgment and close this case.

**IT IS SO ORDERED.**

**Dated this 26th day of November, 2025, at Kansas City, Kansas.**

                                           **s/ Daniel D. Crabtree**
                                           **Daniel D. Crabtree**
                                           **United States District Judge**